# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONESIMO MARIN HARO, | 1:06-CV-0130 AWI SMS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| K. MENDOZA-POWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 17, 2006, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court, the case was transferred to the Eastern District of California and received in this Court on February 6, 2006. The petition challenges a decision of the Board of Prison Terms denying Petitioner parole.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner readily concedes he has not exhausted his state court remedies. He states he has presented his claims to the California Supreme Court; however, the California Supreme Court has yet to rule on the petition. Petitioner requests the Court excuse exhaustion, because "it is apparent and obvious that the California Supreme Court will not provide any adequate, speedy remedy for Petitioner."

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214.  Under the AEDPA, the Court can excuse exhaustion if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application."  28 U.S.C. § 2254(b)(1)(B).  In this case, there is not an absence of an available State corrective process. The petition that is pending before the Supreme Court is precisely that. Second, circumstances do not exist which render this process ineffective to protect Petitioner's rights. While the state process has proven to be slow, it is not ineffective. There are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636

1  (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern
2  District of California.
3        Within fifteen (15) days after being served with a copy of this Findings and
4  Recommendation, any party may file written objections with the Court and serve a copy on all
5  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days
7  (plus three days if served by mail) after service of the Objections. The Finding and Recommendation
8  will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to
9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
10 time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
11 (9th Cir. 1991).
12 IT IS SO ORDERED.
13 **Dated:   March 17, 2006**              /s/ Sandra M. Snyder
   icido3                         UNITED STATES MAGISTRATE JUDGE