UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ONESIMO MARIN HARO, | ) | 1:06-CV-00130 AWI SMS HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| K. MENDOZA-POWERS, Warden, | ) | [Doc. #11] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Rich Pfeiffer, Esq. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On January 27, 2006, Petitioner filed the instant petition for writ of habeas corpus. On July 10, 2006, Respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction and for failure to raise a cognizable federal claim. Petitioner did not file an opposition to Respondent's motion to dismiss.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of subject matter jurisdiction and for failure to raise a cognizable federal claim. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004); Sass v. California Board of Prison Terms, 376 F.Supp.2d 975, 978 (E.D. Cal. 2005), *affirmed by* Sass v. California Board of Prison Terms, ___ F.3d ___, 2006 WL 2506393 (9th Cir. 2006); see 28 U.S.C. § 2254(a) (This Court may entertain a petition for writ of habeas

corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Petitioner contends that his federal constitutional rights were violated when the BPT refused to grant a parole date at his parole hearing held on July 21, 2004. He alleges the decision was arbitrary, capricious, and based on unchanging factors despite the fact he poses a less than average risk to public safety. He contends that the language of the California parole statutes creates a presumptive entitlement to, and thus has a liberty interest in, the setting of a parole release date. Respondent moves for summary dismissal alleging Petitioner has no protected liberty interest in parole, thus arguing that the Court is without jurisdiction to entertain this matter. Respondent further contends Petitioner does not contest that he received all process due under clearly established federal law.

On August 31, 2006, the Ninth Circuit issued its opinion in Sass v. California Board of Prison Terms, ___ F.3d ___, 2006 WL 2506393 (9th Cir. 2006). The Ninth Circuit affirmed the district court's denial of the habeas petition finding the state courts' decisions upholding the petitioner's parole denials were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Id., at *1. However, the Ninth Circuit determined that the district court had misread the California Supreme Court case of In re Dannenberg, 34 Cal.4th 1061, 1087 (2005). Sass, 2006 WL 2506393, at *3. The Ninth Circuit held that there remained a constitutionally protected liberty interest in a parole date. Id., at *4. Because California's parole statutes give rise to a protected liberty interest, Respondent's motion to dismiss for lack of subject matter jurisdiction must be denied.

Respondent further contends Petitioner fails to raise a cognizable federal claim in that Petitioner does not contest that he was afforded an "opportunity to be heard" or told why "he falls short of qualifying for parole." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979). In this respect, Respondent is correct. Petitioner does not argue he was not afforded an opportunity to be heard or told why he falls short of qualifying for parole; rather, Petitioner argues that the parole board's decision was arbitrary and not supported by the evidence. As to this contention, Respondent argues the "some evidence" standard set forth in Superintendent v. Hill, 472

1  U.S. 445 (1985), is not clearly established federal law for purposes of 28 U.S.C. § 2254, and
2  therefore, Petitioner fails to state a claim. In <u>Sass</u>, however, the Ninth Circuit rejected the argument
3  that the "some evidence" standard is not clearly established in the parole context. <u>Sass</u>, 2006 WL
4  2506393, at *3. Therefore, Petitioner does raise a cognizable federal claim. Respondent's motion
5  should be denied and Respondent should be directed to file an answer addressing the merits of the
6  petition.

## RECOMMENDATION

8  Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be
9  DENIED and Respondent be DIRECTED to answer the merits of the petition.

10  This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
11 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
12 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
13 California.

14  Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a copy,
15 any party may file written objections with the court and serve a copy on all parties.  Such a document
16 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
17 the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)
18 after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
19 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
20 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
21 Cir. 1991).

22 IT IS SO ORDERED.

23 **Dated:     September 7, 2006**              **/s/ Sandra M. Snyder**
   icido3                                       UNITED STATES MAGISTRATE JUDGE